Filed 11/4/15  P. v. Carter CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JEROME MAJOR CARTER,<br><br>　　　Defendant and Appellant. | B264003<br><br>(Los Angeles County<br>Super. Ct. No. 5PR00513) |

THE COURT:[*]

　　　Defendant and appellant Jerome Major Carter (defendant) appeals from an order revoking his probation.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On August 27, 2015, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the order.

　　　In Los Angeles County Superior Court case No. 5PR00513, defendant's probation was summarily revoked January 30, 2015, pursuant to the petition of the Los Angeles County Probation Department.  Defendant was granted pro. per. status, including funds,

---

[*]　　　BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

discovery and an investigator. At the April 10, 2015 revocation hearing, the court heard and denied defendant's petitions for writs of mandate and prohibition and his anti-SLAPP motion to strike the pleading. Defendant's probation officer, Jenell Banning, testified that defendant was instructed to report to the probation department within 48 hours of his release on January 16, 2015, but failed to do so. More than two weeks later he reported to a probation officer at the Twin Towers jail who told him to report the following day to the South Bay probation office, as well as CRC (California Rehabilitation Center), to seek mental health services. Defendant reported to CRC the following day and again two weeks later, but did not go to the probation office.

The trial court found that defendant had violated the terms and conditions of his supervision, and had failed to report as instructed. The court revoked defendant's probation and reinstated it on the same terms and conditions, with the additional condition that he serve 180 days in jail, with 86 days of custody credit (43 actual days plus 43 days of conduct credit). The court further ordered defendant to report to the South Bay probation office within two days of his release, and provided him with the address. Defendant acknowledged that he understood the terms and conditions. The court also sentenced defendant in another case, Los Angeles County Superior Court case No. 4PR04995, to a consecutive term of 20 days in jail, with no custody credits. Defendant filed a timely notice of appeal.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.